**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-00347-REB-MEH

PIN JI ZHENG,

     Petitioner,

v.

JANET NAPOLITANO, Secretary, United States Department of Homeland Security;
ERIC. H. HOLDER, JR., Attorney General, United States Department of Justice;
JOHN P. LONGSHORE, Field Office Director, United States Immigration and Customs
Enforcement; and any other person having said Petitioner in custody,

     Respondents.

**ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS**

**Blackburn, J.**

The matter before me is petitioner's **Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, 2243** [#3] filed February 19, 2009.  I dismiss the petition in part for lack of subject matter jurisdiction and transfer that portion to the appellate court where jurisdiction lies by way of a petition for review, and otherwise deny the petition.

### I.  JURISDICTION

I putatively have jurisdiction over this lawsuit pursuant to 28 U.S.C. § 2241 (habeas corpus).

### II.  STANDARD OF REVIEW

Respondent seeks to dismiss the petition for lack of federal subject matter jurisdiction pursuant to the Real ID Act of 2005, Pub L. No. 1099-13, Div. B, 119 Stat.

302) (codified in various sections of Title 8, U.S.C.), which provides, in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5). "Thus, this section makes a petition for review to an appellate court the sole means of review of an order of removal issued under the INA, and specifically excludes review under the habeas statutes." **Hem v. Maurer**, 458 F.3d 1185, 1188 n.3 (10th Cir. 2006).

On the other hand, the Real ID Act expressly "does not eliminate district court jurisdiction to consider habeas challenges to detention that are independent of challenges to removal orders." **Essuman v. Gonzales**, 203 Fed. Appx. 204, 212 n.8 (10th Cir. Nov. 1, 2006) (quoting HR. Rep. No. 109-72, at 175 (2005) (Conf. Rep.), *reprinted in* 2005 U.S.C.C.A.N. 240, 300) (internal quotation marks omitted). **See also Ferry v. Gonzales**, 457 F.3d 1117, 1131 (10th Cir. 2006). When the petitioner has filed a "mixed" petition challenging both the removal itself and his detention pending removal, the court may retain jurisdiction and adjudicate the merits of those independent claims that go to the issue of detention pending removal. **See Ferry**, 457 F.3d at 1131-32.

### III.  ANALYSIS

Petitioner, a citizen of the People's Republic of China, entered the United States in September, 1992.  He was immediately detained by the former Immigration and Naturalization Service ("INS"), now known as the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security ("ICE"), and was ordered excluded on December 21, 1992.  After his appeal to the Board of Immigration Appeals ("BIA") was denied, petitioner filed a petition for writ of habeas corpus in the federal district court in Denver, Colorado, on February 17, 1994.  That action was settled by agreement, pursuant to which petitioner was released on parole on April 12, 1994.  In 2001, petitioner moved to reopen his exclusion proceedings with the BIA based on changes in his circumstances and apposite immigration law, but that petition was denied.

On January 27, 2009, ICE officers took petitioner into custody to execute the outstanding exclusion order.  In a letter dated March 2, 2009, respondent John Longshore,[1] provided petitioner with a written "Notice of Revocation of Parole."  Therein he stated, *inter alia*, that "[t]he purpose of the parole was to allow you to remain out of detention while the necessary and appropriate travel documents were obtained to execute the exclusion order and deport you to the People's Republic of China (PRC)."  (Resp. Return App., Exh. 2 at 2.)  According to the letter, although the necessary travel documents apparently had been obtained at some point, a certified letter mailed to

---

[1] Respondents correctly point out that Longshore, as the person having physical custody of petitioner, is the only properly named respondent in this action.  **Rumsfeld v. Padilla**, 542 U.S. 426, 434-35, 124 S.Ct. 2711, 2717-18, 159 L.Ed.2d 513 (2004).  The caption should be amended accordingly prior to transfer of this case to the court of appeals.

3

petitioner in October, 1998, requiring him to report for exclusion had been returned as undeliverable.  (*Id.*, Exh. 2 at 1.)

By this petition for writ of habeas corpus, petitioner seeks an order preventing his removal from this country while he pursues an adjustment of his status based on his 2004 marriage to a Lawful Permanent Resident and the United States citizenship of their three minor children.  He also seeks to be released from custody, either outright or on bond, pending the determination of his immigration appeals.  It is clear that the first of these requests is not properly presented in a section 2241 habeas petition.  Any remedy with respect to petitioner's challenge to his exclusion lies solely by way of a petition for review filed in the court of appeals.  8 U.S.C. §§ 1252(a)(1) & (a)(5).  **See Gonzalez-Gonzalez v. Weber**, 472 F.3d 1198, 1199 (10th Cir. 2006); **Hem**, 458 F.3d at 1188 n.3.  As to this aspect of petitioner's request, therefore, I lack subject matter jurisdiction and will transfer the case to the court of appeals, where jurisdiction does lie.

Petitioner also challenges his detention pending exclusion.  Because his arguments present challenges inherent to the legality of the detention itself and separate from petitioner's challenges to removal, they are properly presented in a section 2241 habeas petition, and I have jurisdiction to consider them.  **See Essuman**, 203 Fed. Appx. at 211-21.  In particular, petitioner claims that parole may not be revoked unless there has been an individualized determination that "neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States."   C.F.R. § 212.5(e)(2)(i).

There are at least two, interrelated problems with petitioner's argument.  First, both the apposite regulations and the caselaw on which petitioner relies require an individualized inquiry regarding the initial decision to grant or deny parole, not the subsequent decision to revoke it.  *See* 8 U.S.C. § 212.5(d); **Marczak v. Green**, 971 F.2d 510, 517-18 (10th Cir. 1992).  I have found no caselaw, and petitioner has cited none, that engrafts the requirements pertaining to initial parole decisions on to parole revocation decisions.[2]

Second, and assuming *arguendo* that petitioner is correct in arguing that an individualized determination is required to effectuate revocation of parole, he fails to note that the apposite regulation provides an alternative, self-sufficient basis on which parole may be revoked, that is, "accomplishment of the purpose for which parole was authorized."  The letter petitioner received from respondents specifically informed him that parole had been granted initially to allow him to acquire appropriate travel documents to execute the exclusion order.  Noting that such documents had been obtained previously and that another such request had been presented to the Chinese Embassy in Washington, D.C. on February 1, 2009, as to which "there is no reason to believe that the appropriate travel documents will not be forthcoming," the letter concluded that the purposes of parole therefore had been achieved.  (Resp. Return App. Exh. 2 at 2.)  Such an explanation presents a facially legitimate, individualized determination supporting the revocation of parole.

---

[2] Although **Moret v. Karn**, 746 F.2d 989 (3rd Cir. 1984), also cited by petitioner, did involve a decision to revoke parole, the evidence there was that it was, at that time, "the policy of the INS [] to revoke parole only when the alien is deemed to be a clear and imminent danger to the community or to himself."  *Id.* at 991-92 (citation and internal quotation marks omitted).  No such evidence has been presented here, and no such policy is alleged to be applicable in this case.

Moreover, although this explanation was not made explicit until after petitioner had been arrested, whatever deficiencies may have existed from the standpoint of procedural due process in the original notice petitioner received at the time of his arrest clearly were cured by the subsequent letter.  Although the regulation itself does not include any explicit requirement regarding the contents of the written notice it requires, well-established due process principles provide that constitutionally effective notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  **Covey v. Town of Somers**, 351 U.S. 141, 146, 76 S.Ct. 724, 727, 100 L.Ed.1021 (1956) (citation and internal quotation marks omitted).  The March 2, 2009, letter, in addition to complying with the apposite ICE regulation,[3] sufficiently met these constitutional standards as well.[4]  Petitioner's constitutional arguments are, at this point, purely academic.

**THEREFORE, IT IS ORDERED** as follows:

1. That petitioner's **Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, 2243** [#3] filed February 19, 2009, is **DISMISSED IN PART** and **DENIED IN PART**;

2. That petitioner's claims against Janet Napolitano, Secretary, United States Department of Homeland Security, and Eric H. Holder, Jr., Attorney General, United

---

[3] Of course, an agency's violation of its own regulations does not in and of itself give rise to a constitutional due process claim.  **See Hennigh v. City of Shawnee**, 155 F.3d 1249, 1256 (10th Cir. 1998).

[4] Because neither party has briefed the issue, and because resolution is not necessary to my determination, I do not decide whether the initial notice petitioner received was sufficient for purposes of constitutional procedural due process.

States Department of Justice, are **DENIED**, and these parties are **DROPPED** as named respondents to this action, and the case caption **AMENDED** accordingly;

    3. That petitioner's request for an order enjoining respondents from effectuating his removal pending consideration of his arguments for adjustment of status is **DISMISSED** for lack of subject matter in this federal district court, and that claim shall be **TRANSFERRED** to the United States Court of Appeals for the Tenth Circuit for consideration as a petition for review; and

    4. That in all other respects, the petition is **DENIED**.

Dated May 4, 2009, at Denver, Colorado.

                                                  **BY THE COURT:**

*[Signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge